Ayesha K. Hamilton, Esq. (NJ Attorney ID 003521999)
**HAMILTON LAW FIRM LLC**
13 Roszel Road, Suite C200
Princeton, New Jersey 08540
Tel. (609) 945-7310
ahamilton@ahlawpc.com
*Attorneys for Defendants Official Rocket Club Corporation and Alex Hodara*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAULO NUNES,<br><br>Plaintiff,<br><br>v.<br><br>OFFICIAL ROCKET CLUB CORPORATION; ALEX HODARA; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>Defendants. | Civil Action No. ____________<br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. HUD-L-004111-26)<br><br>Document Electronically Filed |

TO: Clerk, United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse,
50 Walnut Street,
Newark, New Jersey 07102

Clerk, Superior Court of New Jersey, Law Division, Hudson County
Frank J. Guarini Justice Complex
24 Central Avenue
Jersey City, New Jersey 07306

Peter D. Valenzano, Esq., and Daniel Jang, Esq.
McOmber McOmber & Luber, P.C.
54 Shrewsbury Ave.,
Red Bank, NJ 07701
***Attorneys for Plaintiff Paulo Nunes***

PLEASE TAKE NOTICE that Defendants Official Rocket Club Corporation ("Rocket Club") and Alex Hodara ("Mr. Hodara") (together, "Defendants"), by and through their counsel,



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

the Hamilton Law Firm LLC, hereby remove this action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants state as follows:

**THE STATE COURT ACTION**

1. On October 5, 2026, Plaintiff Paulo Nunes ("Plaintiff") filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Hudson County, captioned *Paulo Nunes v. Official Rocket Club Corporation; Alex Hodara; ABC Corporations 1-5; and John Does 1-5*, Docket No. HUD-L-004111-26 (the "State Court Action").

2. The Complaint asserts five counts: retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.* (Count One); retaliation in violation of public policy (Count Two); breach of fiduciary duty (Count Three); minority shareholder oppression under N.J.S.A. 14A:12-7 (Count Four); and unjust enrichment (Count Five). Plaintiff alleges that he was employed by Rocket Club as its President, that Rocket Club terminated his employment on August 20, 2026, and that he holds an ownership interest in Rocket Club.

3. Plaintiff's counsel transmitted the summonses and an Acknowledgment of Service to Defendants' counsel on October 28, 2026. Defendants' counsel executed and returned the Acknowledgment of Service on October 30, 2026. Defendants were not served with process in the State Court Action before that date.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and acknowledgement of service on Defendants in the State Court Action, including the Summonses, and the Complaint are attached as Exhibit A. No other process, pleadings, or orders have been



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

served on Defendants. As of the date of this Notice, Defendants have not filed an answer or other responsive pleading in the State Court Action.

**THIS NOTICE OF REMOVAL IS TIMELY**

5. A notice of removal must be filed within thirty days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). The thirty-day period runs from formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

6. Defendants were served on October 30, 2026. This Notice is filed within thirty days of that date.

7. Removal is also within the one-year limit that applies to diversity actions, because the State Court Action was commenced in 2026. 28 U.S.C. § 1446(c)(1).

**THIS COURT HAS DIVERSITY JURISDICTION**

8. This Court has original jurisdiction over any civil action between citizens of different States in which the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a). The Superior Court of New Jersey, Law Division, Hudson County, sits within the District of New Jersey. 28 U.S.C. § 110. Removal to this Court is therefore proper.

**A. Complete Diversity of Citizenship Exists**

9. *Plaintiff.* An individual is a citizen of the State in which he is domiciled. Plaintiff alleges that he resides in Newark, New Jersey. Compl. ¶1 Plaintiff was domiciled in New Jersey when he filed the Complaint and remains domiciled in New Jersey. Plaintiff is a citizen of New Jersey.



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

10. *Rocket Club.* A corporation is a citizen of every State in which it is incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Rocket Club is incorporated in Delaware. Its principal place of business is the "nerve center" from which its officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). That location is 23 Warren Street, New York, New York 10007, where Mr. Hodara, its Chief Executive Officer, directs the company. Although Rocket Club operates a program at 720 Monroe Street, Hoboken, New Jersey, that location is not its nerve center as none of its owners or leadership are located at that address. Further, 95% of Rocket Club's business revenue comes from New York operations. Rocket Club is a citizen of Delaware and New York. It is not a citizen of New Jersey.

11. *Mr. Hodara.* Mr. Hodara resides in, and is domiciled in, New York, New York. He was domiciled in New York when Plaintiff filed the Complaint and remains domiciled there. Mr. Hodara is a citizen of New York.

12. *Fictitious defendants.* In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1). The citizenship of "ABC Corporations 1-5" and "John Does 1-5" therefore does not affect removal.

13. Complete diversity existed when Plaintiff filed the Complaint and exists now. Plaintiff is a citizen of New Jersey; Defendants are citizens of New York and Delaware.

14. Because no properly joined defendant is a citizen of New Jersey, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

**B. The Amount in Controversy Exceeds $75,000**

15. The Complaint does not demand a specific sum. New Jersey Court Rule 4:5-2 requires a pleading that claims unliquidated money damages to demand damages generally, without specifying an amount. Where State practice does not permit a demand for a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). A notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

16. Defendants deny that Plaintiff is entitled to any relief. For purposes of removal only, the amount that Plaintiff places in controversy exceeds $75,000, exclusive of interest and costs, based on the relief the Complaint seeks, including the following:

(a) *Lost compensation.* Plaintiff alleges that Rocket Club terminated him in retaliation on August 20, 2026. His annual salary rate was $100,000. If the Plaintiff is successful in his claims against Rocket Club, he may recover back pay from the date of termination through trial, together with front pay or reinstatement, which exceeds $75,000 by itself.

(b) *Claimed ownership interest.* Plaintiff claims an ownership or partnership interest in Rocket Club and seeks relief as an allegedly oppressed minority shareholder under N.J.S.A. 14A:12-7, together with equitable relief on his breach of fiduciary duty and unjust enrichment claims. The value of the interest Plaintiff claims adds to the amount in controversy.

(c) *Compensatory damages.* CEPA authorizes reinstatement, lost wages, benefits and other remuneration, and other make-whole relief. N.J.S.A. 34:19-5. Plaintiff also claims non-economic damages, including emotional distress. [Compl. ¶ 37.]



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

(d) *Punitive damages.* Plaintiff seeks punitive damages. Punitive damages count toward the amount in controversy where, as here, they are available under the governing law. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).

(e) *Attorneys' fees.* CEPA entitles a prevailing plaintiff to reasonable attorneys' fees and costs. N.J.S.A. 34:19-5. Attorneys' fees recoverable by statute count toward the amount in controversy. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

17. Taken together, the relief Plaintiff seeks, if successful, plausibly exceeds $75,000, exclusive of interest and costs.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

18. *Consent.* Rocket Club and Mr. Hodara are the only defendants who have been properly joined and served. Both join in and consent to this removal. 28 U.S.C. § 1446(b)(2)(A).

19. *Notice to Plaintiff and the State court.* Promptly after filing this Notice, Defendants will give written notice to Plaintiff's counsel and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, as 28 U.S.C. § 1446(d) requires. The Notice of Filing of Notice of Removal will be in substantially the form attached as Exhibit B.

20. *Signature and supporting papers.* This Notice is signed under Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a). Defendants are filing with this Notice the civil cover sheet, the required filing fee, Federal Rule of Civil Procedure 7.1 disclosure statements, and the verified statement of citizenship required by Local Civil Rule 81.1, which appears below.



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

21. *Reservation of defenses.* By removing this action, Defendants do not waive, and expressly reserve, all defenses, objections, and counterclaims, including defenses based on insufficiency of process or service, failure to state a claim, and the other defenses set out in Defendants' forthcoming responsive pleading. Nothing in this Notice admits any allegation of the Complaint or any liability. Defendants will answer, and assert their counterclaim against Plaintiff, in this Court within the time Federal Rule of Civil Procedure 81(c)(2) allows.

22. If any question arises about the propriety of this removal, Defendants request the opportunity to submit briefs and evidence and to be heard at oral argument before any remand is ordered.

WHEREFORE, Defendants Official Rocket Club Corporation and Alex Hodara respectfully give notice that the State Court Action, Docket No. HUD-L-004111-26, is removed from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, and requests that this Court assume jurisdiction over the action and that it proceed in this Court as provided by law.

**HAMILTON LAW FIRM LLC**
*Attorneys for Defendants Official Rocket Club Corporation and Alex Hodara*

By: ______________________________
Ayesha K. Hamilton, Esq. (003521999)

Dated: November 4, 2026



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the State Court Action that this Notice removes (Docket No. HUD-L-004111-26).

**HAMILTON LAW FIRM LLC**
*Attorneys for Defendants Official Rocket Club Corporation and Alex Hodara*

By: ________________________________
Ayesha K. Hamilton, Esq. (003521999)

Dated: November 4, 2026



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

**VERIFIED STATEMENT OF CITIZENSHIP (L. CIV. R. 81.1)**

I, Alex Hodara, declare as follows:

1. I am the Chief Executive Officer and sole owner of Official Rocket Club Corporation and a Defendant in this action in my individual capacity. I am authorized to make this statement on behalf of the corporation.

2. I reside in, and am domiciled in, New York, New York. I was domiciled in New York on the date Plaintiff filed the Complaint in the State Court Action and I am domiciled in New York today. I am a citizen of New York.

3. Official Rocket Club Corporation is incorporated in Delaware. Its principal place of business is 23 Warren Street, New York, New York 10007, where its officers and owner direct, control, and coordinate its activities. It was incorporated in Delaware and had its principal place of business in New York on the date Plaintiff filed the Complaint and has had both today.

4. To my knowledge, Plaintiff Paulo Nunes resides in Newark, New Jersey, and has resided in New Jersey throughout his employment with Rocket Club.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

______________________________
Alex Hodara, individually and as
Chief Executive Officer of Official Rocket Club
Corporation

Dated: 11 / 04 / 2026



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

**INDEX OF EXHIBITS**

Exhibit A: Summonses, Complaint, and executed Acknowledgment of Service

Exhibit B: Notice of Filing of Notice of Removal (to be filed in the Superior Court of New Jersey, Law Division, Hudson County)

Exhibit C: Superior Court docket sheet for HUD-L-004111-26, showing no answer filed



Doc ID: 446c76353142b49bd27b0b75d99d935471510eae

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | RocketClub.Not of Removal.DNJ.11042026.pdf |
| **File name** | RocketClub.Not%20....DNJ.11042026.pdf |
| **Document ID** | 446c76353142b49bd27b0b75d99d935471510eae |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **11 / 04 / 2026**<br>17:55:53 UTC | Sent for signature to Alex Hodara (alex@rocketclub.com) and Ayesha Hamilton (ahamilton@ahlawpc.com) by services@clio.com acting on behalf of ahamilton@ahlawpc.com<br>IP: 71.104.142.90 |
| VIEWED | **11 / 04 / 2026**<br>17:56:26 UTC | Viewed by Alex Hodara (alex@rocketclub.com)<br>IP: 100.33.248.110 |
| VIEWED | **11 / 04 / 2026**<br>17:58:25 UTC | Viewed by Ayesha Hamilton (ahamilton@ahlawpc.com)<br>IP: 71.104.142.90 |
| SIGNED | **11 / 04 / 2026**<br>17:58:39 UTC | Signed by Ayesha Hamilton (ahamilton@ahlawpc.com)<br>IP: 71.104.142.90 |
| SIGNED | **11 / 04 / 2026**<br>18:07:17 UTC | Signed by Alex Hodara (alex@rocketclub.com)<br>IP: 100.33.248.110 |
| COMPLETED | **11 / 04 / 2026**<br>18:07:17 UTC | The document has been completed. |